UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANGITA R. PATEL, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>　　　　Defendants. | Case No.: 3:13-cv-1874 KAW<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT U.S. BANK, N.A. SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) |

　　　　Sangita R. Patel and Rajendra G. Patel ("Plaintiffs") commenced this action in Alameda Superior Court on March 26, 2013. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and CitiMortgage, Inc. ("Citi") removed the case to federal court on April 24, 2013. Plaintiffs attempted to effect service on U.S. Bank, N.A. ("US Bank") on October 30, 2013. No federal summons has been issued in this case.

　　　　On October 29, 2013, the court held an initial case management conference ("CMC") in the above-captioned case. Attorney Michael Yesk appeared on behalf of the Plaintiffs. During the CMC, the court noted that Plaintiffs had not yet served U.S. Bank, a named defendant in this action. The court also noted that the 120-day period for serving the summons and complaint had elapsed. *See* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."); FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . .").

The court advised Mr. Yesk that it would not likely grant Plaintiffs leave to serve U.S. Bank given that service would be untimely. The court also instructed Mr. Yesk to file a statement indicating his intent to serve U.S. Bank and stating the reasons why the court should allow service of the summons and complaint at this point in the case. Notwithstanding the court's specific instructions, Mr. Yesk filed a certificate of service showing that a copy of a "[s]ummons, [c]omplaint, and [n]otice of CMC" was mailed to U.S. Bank on October 30, 2013, the day after the CMC. As of the date of this order, Mr. Yesk has not filed the required statement.

The court hereby orders the Plaintiffs to show cause why the court should not dismiss this action as against U.S. Bank pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs shall file a written response to this order to show cause. In the written response, the following must be addressed:

(1) Plaintiffs shall explain why service on U.S. Bank is not defective given that no federal summons has been issued in this case. *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1976) (where a defendant has not been served prior to removal, the originally-issued state court summons cannot be used to effect service, a federal summons must be issued pursuant to Federal Rule of Civil Procedure 4).

(2) Plaintiffs shall address whether service on U.S. Bank is insufficient as outside the applicable 120-day period. *See* Fed. R. Civ. P. 4(m); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10 Cir. 2010) (120-day period begins to run from the date of removal); *Cowen v. Am. Med. Sys.*, 411 F. Supp. 2d 717, 721 (E.D. Mich. 2006) ("For cases originally filed in federal court, Rule 4(m) permits service within 120 days after filing the complaint. However, in a case removed from state court, the time begins to run on the date of removal.") (citations omitted).

(3) Plaintiffs shall give the reasons, if any, constituting good cause for an extension of time to serve the appropriate summons and complaint. *See Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002) ("Rule 4(m) provides that, if process is not served within 120 days after the filing of the complaint, and the plaintiff cannot show good

cause why service was not made within that time, the action is subject to dismissal without prejudice upon the court's own initiative with notice to the plaintiff.").

Plaintiffs shall file a written response to this order to show cause no later than Wednesday, November 13, 2013 at 5:00 p.m. Any other party in interest may file a reply to Plaintiffs' response by Monday, November 18, 2013 at 5:00 p.m.

Furthermore, U.S. Bank is hereby excused from filing an answer to the complaint until such time as the court dismisses defendant U.S. Bank from this action pursuant to Federal Rule of Civil Procedure 4(m), or, if applicable, until such time as Plaintiffs have properly effected service as provided for in a subsequent order from this court.

IT IS SO ORDERED.

Dated: November 6, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge