UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANGITA R. PATEL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No.: 3:13-cv-1874-KAW<br><br>ORDER GRANTING NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS |

Northwest Trustee Services, Inc. ("Northwest") moves to dismiss Sangita and Rajendra Patel's ("Plaintiffs") amended complaint. Plaintiffs oppose the motion. The court held a hearing on the motion on November 21, 2013. Having carefully reviewed the papers filed by the parties and considered the arguments of counsel, the court grants Northwest's motion for the reasons set forth below.

## I.   BACKGROUND

As this is a motion to dismiss, no facts have been found. Rather, the court looks to the factual allegations in the complaint and accompanying exhibits for relevant background. Generally, courts may not consider matters extraneous to the pleadings when deciding a motion to dismiss. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The court, however, "may properly look beyond the complaint only to items in the record of the case or to matters of general public record." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (citation omitted).

Accordingly, the court has considered the various exhibits attached to Plaintiffs' amended complaint in disposing of the instant motion.

### A. Factual background

On September 15, 2005, Plaintiffs executed a promissory note (the "Note") to finance the purchase of real property located in Pleasanton, California (the "Property"). (Amended Compl. ¶ 14, Ex. A, Deed of Trust at 1.) To secure their payment obligations under the Note, Plaintiffs executed a deed of trust encumbering the Property. *(Id.)* The Deed of Trust identifies CitiMortgage, Inc. ("Citi") as the lender and Verdugo Trustee Service Corporation ("Verdugo") as the trustee, to whom Plaintiffs irrevocably "grant[ed] and conveyed" the Property "in trust, with the power of sale." *(Id.)* Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation acting as nominee for Citi and its successors and assigns. *(Id.)* MERS is named as the original beneficiary under the Deed of Trust. *(Id.)* The Deed of Trust provides that Citi:

> [A]t its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by [Citi] and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law.

*(Id.* at 3.)

The Deed of Trust also states that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property . . . .

*(Id.)* The Deed of Trust was recorded in the County of Alameda Recorder's Office, as document number 2005398971. (*Id.* at 1.) Plaintiffs allege that on October 1, 2005, Citi sold the beneficial interest under the Deed of Trust to the CMLTI 2005-8 Trust. (Compl. ¶ 15.)

On July 28, 2012, MERS assigned the Deed of Trust to Citi. (Amended Compl., Ex. C, Assignment.) While Plaintiffs allege that the Assignment was recorded in St. Charles County,

Missouri, *see* Amended Compl. ¶ 16, the copy of the Assignment attached to the amended complaint bears the seal of the Alameda County Recorder's Office, shows 2012257727 as its document number, and reflects August 7, 2012 as the date of recordation. (Amended Compl., Ex. C, Assignment.)

On November 9, 2012, Citi substituted Northwest for Verdugo, the original trustee under the Deed of Trust. (Amended Compl., Ex. D, Substitution of Trustee.) The Substitution of Trustee was recorded on November 20, 2012 in the Alameda County Recorder's Office, as document number 2012389518. *(Id.)*

On November 20, 2012, Northwest recorded a Notice of Default and Election to Sell under Deed of Trust. (Amended Compl., Ex. E, Notice of Default.) Northwest recorded a Notice of Trustee's Sale on March 12, 2013. (Amended Compl., Ex. F, Notice of Trustee's Sale.) During the hearing on the instant motion, Northwest confirmed that the foreclosure originally set for April 3, 2013 is now on hold.

**B.     Procedural background**

Plaintiffs filed their original complaint against MERS, Citi, Northwest, and U.S. Bank, N.A. ("Defendants") in Alameda County Superior Court on March 29, 2013. (Notice of Removal, Ex. A, Compl., Dkt. No. 1.) Defendants removed the action to this court on April 24, 2013. *(Id.)* On May 1, 2013, MERS and Citi moved to dismiss the complaint. (Mot. to Dismiss, Dkt. No. 7.) Defendant Northwest joined in the motion. (Request for Joinder, Dkt. No. 11.) After a hearing on the motion, the court dismissed the original complaint and granted Plaintiffs leave to amend their causes of action for slander of title, a violation of California Civil Code section 2923.5, and a violation California Business and Professions Code sections 17200 – 17210. (Aug. 6, 2013 Order Granting Defs.' Mot. to Dismiss at 16, Dkt. No. 24.)

On September 5, 2013, Plaintiffs filed their amended complaint. (Amended Compl., Dkt. No. 25.) In the amended complaint, Plaintiffs assert the causes of action as to which the court granted leave to amend. (Compl. at 6, 15, 16.) On October 9, 2013, Northwest filed a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

3

(Mot. to Dismiss, Dkt. No. 28.) Plaintiffs filed their opposition to the motion on October 23, 2013. (Opp'n, Dkt. No. 39.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). The court may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend, even if no request to amend is made, "unless it determines that the pleading could not possibly be cured

4

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations and citations omitted).

### III. DISCUSSION

Northwest moves to dismiss Plaintiffs' amended complaint solely on the grounds that it is immune from liability pursuant to California Civil Code sections 47(c)(1), 2924(b) and (d), and 2924.12(c). (Mot. to Dismiss at 5, 6.) In opposition, Plaintiffs argue that Northwest published false statements when it recorded the Notice of Default and the Notice of Trustee's Sale. (Opp'n at 6.) Plaintiffs further contend that Northwest acted with malice, specifically, reckless disregard for their rights, and that its conduct was therefore not privileged. (*Id.* at 8.) Plaintiffs' position is unavailing for the reasons set forth below.

#### A. Plaintiffs have failed to state a claim for slander of title against Northwest.

"Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof some special pecuniary loss or damage." *Sumner Hill Homeowner's Ass'n, Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012) (internal quotations and citation omitted). To state a claim for slander of title, Plaintiffs must establish the following elements: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009) (citation omitted).

"A privileged publication or broadcast is one made . . . [i]n a communication, *without malice*, to a person interested therein . . . by one who is also interested . . . ." CAL. CIV. CODE § 47(c)(1) (emphasis supplied). Malice exists where a defendant was either "motivated by hatred or ill will towards the plaintiff" or "lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markotwitz,* 168 Cal. App. 4th 316, 336 (2009) (citations omitted). California Civil Code section 2924(d) provides that the mailing, publication, and delivery of a notice of default or a notice of trustee's sale is privileged pursuant to section 47(c)(1). CAL. CIV. CODE § 2924(d); *see Kachlon*, 168 Cal. App. 4th at 333 ("We hold that section 2924 deems the statutorily required mailing,

5

publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1).").

California Civil Code section 2924(b) also insulates a foreclosure trustee from "liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default . . . ." Section 2927.12(c) of the California Civil Code, also cited by Northwest, states that: "A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected or remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale."[1]

Plaintiffs advance three arguments in their opposition in support of their slander of title claim. First, they argue that Northwest recorded false documents when it recorded the Notice of Default and the Notice of Trustee's Sale. (Opp'n at 7, 8.) They assert that Northwest could not have been acting on behalf of the true beneficiary under the Deed of Trust because Plaintiffs' loan had been improperly securitized, resulting in a broken chain of title. (*Id.* at 7.) Second, Plaintiffs argue that Northwest's publication of these purportedly false statements was not privileged. (*Id.* at 8.) They contend that Northwest acted with malice[2] and that "the irregular and haphazard sequence of [the] recording of the foreclosure documents demonstrates that Defendants 'lacked reasonable grounds for belief in the truth of the publication and acted in reckless disregard of the plaintiff's rights.'" (*Id.* at 9) (quoting *Kachlon*, 168 Cal. App. 4th at 336). Plaintiffs further assert that Northwest's conduct reflects its belief that it is not required to follow "proper processes and

---

[1] Northwest makes no showing as to why California Civil Code section 2924.12(c) applies here.

[2] Though this court previously determined that Plaintiffs "may be able to plead malice through amended robo-signing allegations," they included no such allegations in their amended complaint. *See* Aug. 6, 2013 Order Granting Defs.' Mot. to Dismiss at 10. Plaintiffs do not rely on any allegations of robo-signing to establish malice in their opposition, presumably because those allegations fail for the same reasons the court set forth in its prior order. In any event, the court notes that Plaintiffs' robo-signing allegations would not disturb the statutory immunities which provide the basis for Northwest's motion to dismiss.

6

procedures when initiating foreclosure proceedings." (Opp'n at 9.) Third, Plaintiffs argue that they suffered pecuniary loss in the form of "losing title to their home" and attorney's fees and costs necessary to clear title. *(Id.)*

### 1. Plaintiffs' argument that the foreclosure documents were false lacks merit.

During the hearing on Northwest's motion to dismiss, Plaintiffs confirmed that their first argument rests solely on the purported improper securitization of their loan. Plaintiffs contend that the Notice of Default and the Notice of Trustee's Sale Northwest recorded were false because Plaintiffs loan was improperly securitized, making it impossible for Northwest to act on behalf of the proper beneficiary. This court has previously considered and rejected Plaintiffs' securitization theories. (*See* Aug. 6, 2013 Order Granting Defs.' Mot. to Dismiss at 10.) This first argument therefore fails for the reasons this court has set forth, at length, in its prior order. The argument also fails, specifically as asserted against the Northwest, based on Northwest's statutory immunities, which the court discusses below.

### 2. Plaintiffs' argument that Northwest's conduct was not privileged fails.

In their complaint, Plaintiffs offer only conclusory allegations that "Defendants acted with malice and reckless disregard for the truth" and that Defendants lacked reasonable grounds for belief in the truth of the Notice of Default and Notice of Trustee's Sale. (*See* Compl. ¶¶ 23, 44.) Plaintiffs nonetheless argue that the "haphazard and irregular sequence" of the recordation of the foreclosure documents establishes malice and reflects Northwest's belief that it is not required to follow "proper processes and procedures when initiating foreclosure proceedings." (Opp'n at 8, 9.) These arguments fail.

#### a. Plaintiffs' allegations do not establish that Northwest acted with malice.

California Civil Code section 2924(d) provides that the mailing, publication, and delivery of a notice of default or a notice of trustee's sale constitutes a privileged communication as set forth in California Civil Code section 47(c)(1). CAL. CIV. CODE § 2924(d); *Kachlon*, 168 Cal. App. 4th at 333. Section 47(c)(1), in turn, defines a privileged communication as one made

7

without malice, that is, ill will towards a plaintiff or without reasonable grounds for belief in the truth and thus in reckless disregard for a plaintiff's rights. *Kachlon,* 168 Cal. App. 4th at 336.

The loan documents attached to the amended complaint defeat Plaintiffs' argument that the supposed haphazard and irregular recordation of those documents establishes that Northwest acted in reckless disregard for their rights. The Deed of Trust, which Plaintiffs signed, was recorded with the Alameda County Recorder's Office. (Amended Compl., Ex. A, Deed of Trust at 1.) MERS was the beneficiary under the Deed of Trust. (*See id.*) In that capacity, MERS assigned the Deed of Trust back to Citi, the original lender. (Amended Compl., Ex. C, Assignment.) The Assignment was recorded. *(Id.)* Citi then substituted Northwest for Verdugo, the original trustee under the Deed of Trust. (Amended Compl., Ex. D, Substitution of Trustee.) That Substitution of Trustee was recorded. *(Id.)* In accordance with the terms of the Deed of Trust, Citi, as successor-in-interest to MERS, had the authority "to foreclose and sell the Property." (Amended Compl., Ex. A, Deed of Trust at 3) ("Borrower understands and agrees that MERS . . . has the right to exercise any or all of [the interests granted under the Deed of Trust] including, but not limited to, the right to foreclose."). Northwest then, having been substituted as trustee by Citi, "succeeded to all the title, powers and duties conferred upon the Trustee" and recorded the Notice of Default and the Notice of Trustee's sale. (*Id.* at 3) ("[T]he successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law.").

The content of these exhibits to Plaintiffs' amended complaint is at odds with the conclusory allegation that this purportedly haphazard and irregular sequence shows that Northwest acted in reckless disregard for Plaintiffs' rights. These exhibits also undermine the argument that Northwest's conduct somehow reflects a belief that it need not adhere to proper processes and procedures when commencing foreclosure proceedings. Moreover, the allegations in the amended complaint do not challenge the amount of the arrears or the status of Plaintiffs' default. Even on the face of the complaint, it appears that the nature and amount of default are not, even now, in question. In fact, Plaintiffs admitted that they are in default during the hearing on the instant motion. In light of this, the allegations in the amended complaint show, not that

Northwest acted in reckless disregard for Plaintiffs' rights, but that Northwest was acting in accordance with the recorded loan documents. As such, the allegations in the amended complaint fail to show that Northwest is not entitled to immunity under California Civil Code sections 47(c)(1) and 2924(d).

          b.    <u>Plaintiffs' allegations do not establish that any error by Northwest was not made in good faith.</u>

California Civil Code section 2924(b) insulates a foreclosure trustee from "liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default . . . ."

To the extent that anything in Plaintiffs' opposition can be construed as an argument that Northwest committed an error in recording the Notice of Default and the Notice of Trustee's Sale, the allegations in the amended complaint are nonetheless insufficient to establish that the error was not committed in good faith as contemplated by the California Civil Code section 2924(b).

As discussed above, Northwest's conduct appears to have been properly motivated by the undisputed information regarding Plaintiffs default. To the extent Northwest committed an error resulting from reliance on that undisputed information, which is not challenged by any allegation in the amended complaint, nothing in the amended complaint establishes that any such error was not committed in good faith. As the allegations in the amended complaint are insufficient to disturb this immunity, as well as the others discussed above, Plaintiffs' slander of title claim is therefore dismissed as against Northwest. The court need not reach Plaintiffs' third argument on the issue of pecuniary loss.

**B.**    **The allegations in the amended complaint are insufficient to establish that Northwest violated California Civil Code section 2923.5.**

California Civil Code section 2923.5 governs the notice requirements for initiating non-judicial foreclosure. Subdivision (a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days *after* initial contact is made as required by paragraph (2) or 30 days *after* satisfying the due diligence requirements as described in subdivision (g)." CAL. CIV. CODE § 2923.5(a)(1) (emphasis added). Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower

9

in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2).  Under subdivision (g), "[a] notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has *not* contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.* § 2923.5(g) (emphasis added).

Where a mortgagee, beneficiary, or authorized agent fails to comply with section 2923.5, "there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 976 (N.D. Cal. 2012) (citing *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223, (2010)).  The only remedy for a violation of this section is "to postpone the sale until there has been compliance with section 2923.5." *Id.* (citing CAL. CIV. CODE § 2924g, subdivision (c)(1)(A)).

Plaintiffs allege that Defendants failed to exercise due diligence in attempting to contact Plaintiffs as required by California Civil Code section 2923.5.  (Amended Compl. ¶ 60.)  They aver that Defendants failed to properly submit a declaration of compliance, that the declaration is false and incomplete, and that it does not meet the "requirements of assessment and options to foreclosure," which never occurred.  *(Id.)*  In their opposition, Plaintiffs argue that their "complaint is to be taken as true for the purposes of ruling on the demurrer . . . [and that] Plaintiffs' Complaint alleges the falsity of Defendant's purported notice under section 2923.5." (Opp'n at 10.)

The above allegations, even if taken as true, do not show why Northwest's conduct was not privileged, nor why, if based on an error, any such error was not committed in good faith.  As Northwest argued during the hearing, the contact requirements set forth in the statute concern "a mortgagee, beneficiary, or authorized agent." *See* CAL. CIV. CODE § 2923.5(2).  The declaration attached to Plaintiffs' amended complaint contains the required statement of compliance from the beneficiary, which as reflected in the loan documents attached to Plaintiffs' amended complaint, is Citi, or its authorized agent.  (*See* Compl., Ex. F.)  The declaration contains language that mirrors the statutory text.  (*See id*.)  It specifically states:  "[t]he

10

undersigned beneficiary or their authorized agent hereby represents and declares . . . [that o]n June 9, 2012[,] the beneficiary or their authorized agent contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure. . . ." *(Id.)* As such, the declaration itself defeats Plaintiffs' argument that the document should have alerted Northwest to some irregularity or other anomaly in the foreclosure process. *See Mabry*, 185 Cal. App. 4th at 214 (a declaration that tracks the language of section 2923.5(b) complies with the statute). For this reason, and those already discussed *supra* Part III.A.2, Plaintiffs' claim for a violation of California Civil Code section 2923.5 fails.

Accordingly, this claim is dismissed as against Northwest.

### C. Plaintiffs' unfair competition claim fails as against Northwest.

California's Unfair Competition Law, codified in California Business and Professions Code sections 17200 – 17210, creates a cause of action for business practices that are: (1) unlawful, (2) unfair, or (3) fraudulent. *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*, 471 F.3d 977, 995 (9th Cir. 2006). To bring an unfair competition claim, a plaintiff must show that she has "suffered injury in fact and has lost money or property as a result of the unfair competition." CAL. BUS. & PROF. CODE § 17204.

As Plaintiffs themselves note, California Business and Professions Code "[s]ection 17200 is a derivative cause of action and Plaintiffs' ability to pursue this cause of action depends on the success or failure of their substantive causes of action." (Amended Compl. ¶ 63.) Because the Court has dismissed Plaintiffs' substantive claims against Northwest, Plaintiffs' UCL claim is also dismissed.

### D. Dismissal without leave to amend is appropriate as further amendment would be futile.

The court has already given Plaintiffs an opportunity to amend their complaint. Plaintiffs' amended complaint is nearly identical to the original complaint. The amended complaint includes only a few paragraphs of additional allegations, which do little to bolster their claims. For these reasons, the court finds that the pleading cannot possibly be cured by the allegation of additional facts. *See Lopez*, 203 F.3d at 1127. Further amendment of the claims asserted against Northwest

would thus be futile, and consequently, leave to amend is not appropriate. *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2011) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile.").

## IV.   CONCLUSION

For the reasons set forth above, Northwest's motion to dismiss is granted.

IT IS SO ORDERED.

Dated: December 12, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

12